IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Criminal No. 23-159 |
| DENISE LODGE | : | |

**ORDER**

AND NOW, this _____ day of May, 2024, upon the defendant, Denise Lodge's Unopposed Motion to Amend Conditions of Pretrial Release, paragraph 7(n) of the Order of June 28, 2023, (Dkt. #39) is hereby AMENDED to SUSPEND any and all drug testing requirements.

BY THE COURT:

_____
HONORABLE CHIEF JUDGE MATTHEW W. BRANN

Hope C. Lefeber, Esquire
I.D. No. 31102
Hope C. Lefeber, LLC
Two Penn Center
1500 JFK Boulevard; Suite 1205
Philadelphia, PA   19102
(610) 668-7927                                                                              Attorney for Defendant

_____

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA


| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal No. 23-159 |
| DENISE LODGE | : |


**DEFENDANT's  UNOPPOSED MOTION TO MODIFY CONDITIONS
OF
PRETRIAL RELEASE**


The defendant, Denise Lodge, by and through her attorney, Hope C. Lefeber, Esquire, hereby files the instant Unopposed Motion to Modify Conditions of Pretrial Release, to suspend drug testing, and states as follows:

1. On June 28, 2023, Magistrate Judge William Arbuckle, entered an Order Setting Conditions of Release ("Order") (Dkt #39) releasing the defendant on her own recognizance subject to certain conditions of release.  Paragraph 7(n) of the Order provides that the defendant must:

    (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system,

and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

2. The defendant has no history of drug abuse, whatsoever, and none is documented in her medical history.

3. The drug testing requirement, in this case, is overly burdensome due to her serious medical conditions, which require her to endure continual invasive medical testing.

4. Sean Camoni, Assistant United States Attorney, advises that the government has no objection to this request and has, similarly, foregone requesting drug testing in previous cases where there was no history of drug abuse and circumstances made testing an undue burden. The United States Probation Department takes no position.

WHEREFORE, it is respectfully requested that the instant Motion be GRANTED.

        Respectfully,

        HOPE C. LEFEBER, LLC

        By:

        */s/ Hope C. Lefeber*

        _____
        HOPE C. LEFEBER, ESQUIRE

**CERTIFICATE OF SERVICE**

I certify that a copy of the attached Unopposed Motion to Amend Conditions of Release was served upon the counsel of record, by electronic filing, on May 6, 2024:

/s/

_____
HOPE C. LEFEBER