# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **4:23-CR-159** |
| | **:** | |
| **v.** | **:** | **(Chief Judge Brann)** |
| | **:** | |
| **JOSHUA TAYLOR** | **:** | **(Electronically Filed)** |

## MOTION SEEKING JUDICIAL APPROVAL
## FOR DEFENDANT TO TRAVEL

AND NOW comes the Defendant, Joshua Taylor, by his attorney, Christopher Opiel, Esq., and files the following Motion Seeking Judicial Approval for Defendant to Travel to Massachusetts from July 6, 2025 through July 10, 2025. In support thereof, it is averred as follows:

1. On June 13, 2023, Joshua Taylor was charged in an Indictment with: COUNT 1, conspiracy to knowingly, intentionally, and willfully unlawfully transport, transmit, and transfer in interstate commerce stolen goods, wares and merchandise, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud in violation of 18 U.S.C. § 371; and COUNT 4, unlawfully transport, transmit, and transfer in interstate commerce stolen goods, wares and merchandise, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud in violation of 18 U.S.C. §§ 2314 and 2. (Doc. 1).

2. On June 14, 2023, Defendant was arraigned on the charges, and he entered a plea of "not guilty". (Doc. 12).

3. On June 14, 2023, Defendant was released from custody under pretrial supervision and an Order Setting Conditions of Release was filed to the docket. (Doc. 15).

4. On April 15, 2025, a signed Plea Agreement was filed to the docket. (Doc. 120).

5. On May 15, 2025, Defendant entered a plea of guilty pursuant to the written Plea Agreement and the plea was accepted by the Court. (Doc. 133).

6. At the conclusion of the change of plea hearing on May 15, 2025, Defendant's conditions of release were not changed or modified pending sentencing.

7. Paragraph (7)(f) of the Order Setting Conditions of Release restricts the Defendant's travel to the "Middle and Eastern Districts of PA unless otherwise approved by pretrial services officer". (Doc. 15).

8. Defendant owns his own business in which he engages in the buying and selling of antiques.

9. Defendant is respectfully seeking judicial approval to travel outside the Middle and Eastern Districts of Pennsylvania in order to attend the Brimfield

Antique Flea Market in Brimfield, Massachusetts from July 6, 2025 through July 10, 2025 for the purpose of his business.

10.     The Brimfield Antique Flea Market runs from July 8, 2025 through July 13, 2025.

11.     Defendant is seeking to arrive at the Brimfield Antique Flea Market area on July 6, 2025 because, since Defendant is in the business of buying and selling antiques, several vendors and customers arrive early, and Defendant is able to engage in business transactions with some vendors/customers and strategically organize his plan for what to purchase for his business inventory prior to the opening of the flea market.

12.     If approved, Defendant will be staying at the Red Roof Plus hotel located at 1254 Riverdale Street, West Springfield, MA 01089; and he will be traveling daily to Brimfield, MA for the Brimfield Antique Flea Market.

13.     On June 29, 2023, this Honorable Court entered an Order permitting Defendant to travel to Brimfield, MA for the Brimfield Antique Flea Market from July 9, 2023 through July 13, 2023.  (Doc. 42).

14.     On August 3, 2023, this Honorable Court entered an Order permitting Defendant to travel to Brimfield, MA for the Brimfield Antique Flea Market from September 3, 2023 through September 7, 2023.  (Doc. 59).

15.     On April 30, 2024, this Honorable Court entered an Order permitting Defendant to travel to Brimfield, MA for the Brimfield Antique Flea Market from May 12, 2024 through May 16, 2024.  (Doc. 80).

16.     On April 22, 2025, this Honorable Court entered an Order permitting Defendant to travel to Brimfield, MA for the Brimfield Antique Flea Market from May 11, 2025 through May 15, 2025.  (Doc. 124).

17.     Defendant complied with all terms and conditions imposed upon him by the Court and the United States Probation Office when he traveled outside the Middle and Eastern Districts of Pennsylvania from July 9, 2023 through July 13, 2023; from September 3, 2023 through September 7, 2023; from May 12, 2024 through May 16, 2024; and from May 11, 2025 through May 15, 2025.

18.     This Honorable Court denied travel requests by Defendant in July 2024 and August 2024.  (Doc. 93, 101).

19.     Undersigned Counsel communicated with United States Probation Officer Gerard Dempsey, out of the Middle District of Pennsylvania, regarding this motion and USPO Dempsey indicated that the United States Probation Office does not have any objection to the travel arrangements requested in this motion.

20.     Undersigned Counsel communicated with Assistant United States Attorney Alisan V. Martin regarding this motion and AUSA Martin indicated that

she does not have any objection to the travel arrangements requested in this motion.

WHEREFORE, the Defendant, Joshua Taylor, respectfully requests that this Honorable Court grant the within motion and enter an order approving the travel accommodations as stated within this motion.

Respectfully submitted,

Date: June 2, 2025

/s/ Christopher Opiel
**Christopher Opiel, Esq.**
**CJA Appointed Counsel**
**Attorney ID# PA318776**
Opiel Law
88 North Franklin Street
Wilkes-Barre, Pennsylvania 18701
(570) 762-9992 (Office)
(570) 417-1436 (Cell)
(570) 825-6675 (Fax)
Email: cropiel@opiellaw.com

## CERTIFICATE OF SERVICE

I, Christopher Opiel, CJA appointed counsel, do hereby certify that this document, the foregoing **Motion Seeking Judicial Approval for Defendant to Travel**, filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

Alisan V. Martin, Esquire
*Assistant United States Attorney*

Date:  June 2, 2025                    /s/ Christopher Opiel_____
                                       **Christopher Opiel, Esq.**