IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 4:23-CR-159-01 |
| | : | |
| CEDRIC LODGE, | : | CHIEF JUDGE BRANN |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT CEDRIC LODGE'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO ASSERT BREACH OF PLEA AGREEMENT**

Patrick A. Casey
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503

*Attorney for Defendant, Cedric Lodge*

## INTRODUCTION

Defendant Cedric Lodge, by and through his undersigned counsel, hereby submits this Memorandum of Law in Support of his Motion to Assert Breach of Plea Agreement.

## BACKGROUND

Cedric L. Lodge served as a morgue manager for Harvard University School of Medicine in the Department of the Anatomical Gift Program for twenty-seven years. Indictment (ECF 1) ¶¶ 2, 17. Through that position, Mr. Lodge had access to the morgue and cadavers donated to Harvard pursuant to the Anatomical Gift Program. *Id.* ¶ 17. Mr. Lodge allegedly stole dissected portions of cadavers and sold those human remains to co-defendants Katrina Maclean and Joshua Taylor. *Id.* ¶¶ 18, 20.

On June 16, 2023, a five-count Indictment was entered against Mr. Lodge and his co-defendants Denise Lodge, Katrina Maclean and Joshua Taylor. *See generally* Indictment (ECF 1). Two counts apply to Mr. Lodge. Count 1 alleges that Mr. Lodge and his co-defendants conspired to "unlawfully transport . . . stolen goods, wares and merchandise, that is, human remains, of the value of $5,000 or more." *Id.* ¶¶ 15-16. Count 2 similarly asserts that Mr. Lodge transported stolen "goods, wares, and merchandise, that is, human remains" valued in excess of $5,000 in interstate commerce in violation of 18 U.S.C. § 2314. *Id.* at 10.

On June 27, 2023, Mr. Lodge was arraigned and pled not guilty to the Indictment. (ECF 31.)

Mr. Lodge filed a Motion to Dismiss the Indictment (ECF 114) on March 3, 2025, and a Brief in Support of the Motion to Dismiss (ECF 115) on March 17, 2025.

On April 16, 2025, Mr. Lodge entered into a Plea Agreement with the Government. (ECF 123.) A copy of the Plea Agreement attached hereto as Exhibit "A." Mr. Lodge withdrew his plea of not guilty and pled guilty pursuant to the Plea Agreement on May 21, 2025. (ECF 138.) A copy of the Motion to Withdraw Plea and subsequent guilty plea attached hereto as Exhibit "B." The Court conducted a plea colloquy consistent with Fed. R. Crim. P. 11 with the Defendant, his counsel, and Government counsel present.

On July 22, 2025, this Honorable Court issued an Order denying Defendant's Motion to Dismiss as moot. (ECF 146.) On August 13, 2025, the Draft Presentence Investigation Report as to Mr. Lodge was issued by the United States Probation Office. (ECF 149.)

The undersigned counsel filed a Motion for Extension of Time to File Objections to the Presentence Investigation Report on August 27, 2025. (ECF 152.) The Motion was granted by this Honorable Court on September 2, 2025. (ECF 154.) The Order extended the deadline for undersigned counsel to file objections to

September 26, 2025. On October 7, 2025, the Final Presentence Investigation Report as to Mr. Lodge was issued by the United States Probation Office. (ECF 161.)

Mr. Lodge's sentencing in this matter has been scheduled for December 16, 2025, at 11:00 a.m. pursuant to this Honorable Court's Order dated November 25, 2025. (ECF 170.)

On December 5, 2025, the Government wrote to this Honorable Court in anticipation of sentencing. (ECF 174.) A copy of the Government's Letter attached hereto as Exhibit "C." In its letter, the Government requested the Court sentence the Defendant to 120 months of incarceration to be followed by three years of supervised release along with the imposition of a $100 special assessment. *Id*. at 3. Moreover, the Government provided notice of its intent to respond to the undersigned counsel's objections to the Presentence Investigation Report, and detail "salient 3553(a) factors in support of its [sentencing] recommendation." *Id*.

On December 9, 2025, the Government filed its Sentencing Memorandum as to Mr. Lodge. (ECF 184.) A copy of the Government's Sentencing Memorandum attached hereto as Exhibit "D." In its Memorandum, the Government recommended the Court vary <u>upward</u> from the Guidelines range to impose a sentence of imprisonment of 120 months. *Id*. at 2.

3

## STATEMENT OF QUESTION INVOLVED

**QUESTION PRESENTED:** Whether the Government breached the April 16, 2025 Plea Agreement by disregarding its obligation to recommend to the Court that the Defendant receive a two or three-level reduction in the Defendant's offense level for acceptance of responsibility pursuant to ¶ 10 and recommending to the Court a sentence of the maximum statutory penalty of ten years of incarceration?

**SUGGESTED ANSWER:** Yes.

## ARGUMENT

Cedric Lodge bargained for a concession from the Government in the Plea Agreement. That concession specifies that "[i]f the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, *the Government will recommend that the defendant receive a two or three-level reduction in the defendant's offense level* for acceptance of responsibility." *Id.* at ¶ 10 (emphasis added).

Despite Mr. Lodge's recognition and affirmative acceptance of responsibility, the Government has recommended the Court vary upward from the Guidelines range to impose the statutory maximum sentence of 120 months of incarceration. *See*

Exhibit "D" at 2.[1] The position of the Government recommends against any consideration by the Court of any leniency for the Defendant's acceptance of responsibility and guilty plea. The United States breached its agreement with Mr. Lodge. The Court's review of this allegation by the Defendant requires (1) consideration of the relevant paragraphs of the Plea Agreement and a description of the alleged improper conduct of the Government; (2) evaluation of the conduct and determination of whether the conduct violates the Government's obligations under the Plea Agreement; and (3) if it is determined that that the Government breached its duty under the Plea Agreement to grant the appropriate remedy. *United States v. Larkin*, 629 F.3d 177, 186 (3d Cir. 2010) (citing *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir. 1989) and *United States v. Nolan-Cooper*, 155 F.3d 221, 236 (3d Cir. 1998)).

The promise of the United States of America incased in the Plea Agreement, and colloquied upon by the Chief Judge at the change of plea, was an inducement to Mr. Lodge to plead guilty. ". . . [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The Third Circuit has established that plea

---

[1] Mr. Lodge pled guilty to Interstate Transportation of Stolen Goods, 18 U.S.C. §2314. A person convicted under §2314 "[s]hall be fined under this title or imprisoned not more than ten years, or both." *See*, 18 U.S.C. §2314.

5

agreements are analyzed under contract principles. *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2017); *United States v. Baird*, 218 F.3d 221, 229 (3d Cir. 2000); *United States v. Nolan-Cooper*, 155 F.3d 221, 236 (3d Cir. 1998). The Third Circuit has stated: ". . . We have cautioned that because a defendant gives up multiple constitutional rights by entering into a plea agreement, courts must carefully scrutinize the agreement to ensure that the government has fulfilled its promises. [*United States v.*] *Rivera*, 357 F.3d [290, 294-95 (3d Cir. 2004)]." *Williams*, 510 F.3d at 422. Courts must determine whether the Government's conduct was consistent with what was reasonably understood by the defendant when he entered the plea of guilty. *Baird*, 218 F.3d at 299. The court is to apply the "plain meaning" of the language of the agreement. *United States v. Cruz*, 95 F. 4th 106, 111 (3d Cir. 2024); *see also*, *United States v. Floyd*, 428 F.3d 513, 517 (3d Cir. 2005) (plain language); *United States v. Gebbie*, 294 F.3d 540, 545 (3d Cir. 2002) (analysis begins with the text of the agreement); *Williams*, 510 F.3d at 425. When a defendant pleads guilty pursuant to a plea agreement, he gives up his rights to a fair trial, confrontation, and a potential acquittal by a jury; the Government, in return, secures its conviction without effort or risk. *United States v. Isaac*, 141 F.3d 477, 483 (3d Cir. 1998). The remedy, upon the finding of a breach, is specific performance or allowance of the party to withdraw from the agreement. *Nolan-Cooper*, 155 F.3d at 241; *Rivera*, 357 F.3d at 297.

Paragraph 10 of the Plea Agreement reads as follows:

> 10. <u>Acceptance of Responsibility—Two/Three Levels</u>. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

*See* Exhibit "A."

The "plain meaning"[2] of the language of the Plea Agreement is that the Government will recommend to the Court that the defendant receive some measure of consideration of lower sentencing exposure out of recognition for the Defendant's demonstrated acceptance of responsibility. Typically, acceptance of responsibility is shown by pleading guilty.[3] Mr. Lodge has affirmatively demonstrated all of the indicators of accepting responsibility.

Disregarding its contractual commitment, which is imbued with special due process obligations, the United States violated its commitment and asked the Court

---

[2] *Cruz*, 95 F. 4th at 111 (the court is to apply the "plain meaning" of the language of the agreement); *see also*, *Floyd*, 428 F.3d at 517; *Gebbie*, 294 F.3d at 545; and *Williams*, 510 F.3d at 425.

[3] *See,* U.S.S.G. §3E1.1(b) (timely notifying authorities of his intention to enter a plea of guilty).

to "sentence the defendant to 120 months of incarceration . . . ." *See* Exhibit "C" at 3. The Government repeated this violation in the Sentencing Memorandum:

- "Accordingly, the United States respectfully recommends that the Court vary upward from the Guidelines range and impose a sentence of imprisonment of 120 months." *See* Exhibit "D" at 2.

- "The United States will address the need for a 120-month sentence as an upward variance necessary to achieve the § 3553(a) factors." *Id.* at 7.

- "The United States asks that [t]his Court vary above the otherwise applicable guidelines range and impose a term of imprisonment of 120 months." And related footnote 1: "A upward variance of twenty-two levels results in an advisory guidelines range of 97 to 121 months." *Id.* at 8.

- "Here, a sentence of 120 months' imprisonment is necessary." *Id.* at 24.

- "Accordingly, the United States respectfully requests that the Court vary from the otherwise applicable Guidelines range and impose a sentence of 120 months of imprisonment." *Id.* at 26.

The Government's conduct was inconsistent with what was reasonably understood by the Defendant when entering the plea of guilty. *Baird*, 218 F.3d at 229 (citing *United States v. Badaracco*, 954 F.2d 928, 939 (3d Cir. 1992)). Mr. Lodge reasonably expected that the United States would recommend to the Court a two-level reduction in the Sentencing Guidelines in recognition of his acceptance of

8

responsibility and guilty plea. The plain meaning is that the Defendant expected the prosecution to recommend to the Court that the Defendant be considered for some degree of leniency (*e.g.*, something less than the statutory maximum of incarceration) in recognition of his acceptance of responsibility and guilty plea. The Government repeatedly violated its promise, advocated against any leniency whatsoever, and requested of the Court that the Defendant get the statutory maximum penalty.

The Government may claim that its reservation of "the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution" somehow provides it authority to recommend the statutory maximum sentence for Mr. Lodge. *See* Plea Agreement at Exhibit "A," ¶ 11. However, the Agreement is read in whole, and conflicts and ambiguities will be construed against the Government. *Floyd*, 428 F.3d at 516 (ambiguities in the plea agreement construed against the government). The Government's obligation to recommend to the Court a reduction for acceptance of responsibility directly conflicts with the Government's reservation of the right to recommend the statutory maximum penalty. "In view of the government's tremendous bargaining power, we will strictly construe the text against it when it has drafted the agreement." *Baird*, 218 F.3d at 229. "The government may not rely upon a rigid and literal construction of the terms of a plea or cooperation agreement.

9

*Nolan-Cooper*, 155 F.3d at 236. Such agreements are unique and are to be construed in light of 'special due process concerns.' *United States v. Bradbury*, 189 F.3d 200, 206 (2d Cir. 1999) [ ]." *Baird*, 218 F.3d at 229.

The remedy, upon the finding of a breach, is specific performance or allowance of the party to withdraw from the agreement. *Nolan-Cooper*, 155 F.3d at 241; *Rivera*, 357 F.3d at 297.

## CONCLUSION

For the reasons stated above, Defendant Cedric Lodge respectfully requests that the Court grant his Motion, declare the Government in breach of the Plea Agreement, and grant the Defendant the chance to withdraw from the agreement and other such relief as required by law.

Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey

*Attorney for Defendant, Cedric Lodge*

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Date:  December 11, 2025

## CERTIFICATE OF SERVICE

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Assert Breach of Plea Agreement was served upon the following counsel of record via the Court's ECF system on this 11th day of December 2025:

>Alisan V. Martin, Esquire
>U.S. Attorney's Office
>Suite 311
>235 North Washington Avenue
>Scranton, PA 18503

>/s/ Patrick A. Casey
>Patrick A. Casey